UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIRK WILLIAMS                                               CIVIL ACTION

VERSUS                                                      NO: 14-2693

ROBERT TANNER, ET AL.                                       SECTION: R(4)

### ORDER AND REASONS

Before the Court is Kirk William's petition for federal *habeas corpus* relief under 28 U.S.C. § 2254.[1] The Magistrate Judge recommends that Williams's petition be dismissed without prejudice for failure to exhaust state court remedies.[2] In response, Williams does not dispute the Magistrate Judge's conclusion that eight claims presented in his petition are unexhausted. Instead, Williams moves the Court to stay these proceedings to allow petitioner to litigate his unexhausted claims in state court.[3]

A federal *habeas* petition should typically be dismissed if the petitioner has failed to exhaust all available state remedies. *Piller v. Ford*, 542 U.S. 225, 227 (2004) ("[F]ederal district courts must dismiss 'mixed' *habeas corpus* petitions--those containing both unexhausted and exhausted claims.") (citing

---

[1] R. Doc. 3.

[2] R. Doc. 22 at 14.

[3] R. Doc. 23.

*Rose v. Lundy*, 455 U.S. 509 (1982)). The dismissal without prejudice of a "mixed" petition, however, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that section 2244(d)'s one-year limitation period is not tolled during the pendency of federal *habeas* proceedings). In light of this dilemma, federal courts are authorized to stay a *habeas* petition and hold it in abeyance while a petitioner exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Such stays, however, are available only in limited circumstances. *Id.* A district court should stay federal *habeas* proceedings to allow a petitioner to exhaust state remedies only when the district court finds that (1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay. *Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277-78).

    Here, Williams concedes that he has failed to exhaust his state court remedies as to eight of the claims raised in his federal *habeas* petition. Williams has not, however, explained his failure to exhaust these claims.[4]

---

    [4]    *See* R. Doc. 23.

Without good cause to excuse Williams's failure to exhaust, the Court finds that a stay and abeyance is unwarranted. *See Byrd v. Thaler*, No. 4:10-cv-021, 2010 WL 2228548, at *4 (N.D. Tex. June 3, 2010) (finding it unnecessary to address remaining *Rhines* factors when petitioner fails to demonstrate good cause).

Nevertheless, the Court recognizes that dismissing Williams's petition without prejudice would effectively preclude federal review of his exhausted claims because any subsequent petition would be barred by section 2244(d)'s one-year limitations period.[5] Under these circumstances, a district court should allow a petitioner to withdraw the unexhausted claims and litigate the exhausted claims properly before the court. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair

---

[5] Following the state trial court's resentencing on January 14, 2011, Williams first pursued post-conviction relief in state court on October 26, 2011. The Louisiana Supreme Court ultimately denied his writ application on September 19, 2014. Williams then filed his federal *habeas* petition on December 12, 2014. Thus, the one-year limitations period for filing a subsequent petition has already expired. *See Duncan*, 533 U.S. at 181-82 (holding that section 2244(d)'s one-year limitation period continues to run during the pendency of federal *habeas* proceedings).

the petitioner's right to obtain *habeas* relief."). Accordingly, the Court will allow Williams 30 days from the entry of this order to amend his federal *habeas* petition to state only those claims that he has already exhausted, as identified by the Magistrate Judge's Report and Recommendation, and to withdraw those unexhausted claims that he wishes to pursue in state court.[6]

For the foregoing reasons, the Court DENIES Williams's motion to stay the proceedings. IT IS HEREBY ORDERED that Williams has 30 days from the entry of this order to amend his petition, alleging only those claims that the Magistrate Judge has determined are exhausted and thus properly before the Court.

New Orleans, Louisiana, this __10th__ day of September, 2015.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. 22 at 12.